## SHARPSTEEN v CINCINNATI STREET RAILWAY COMPANY

Ohio Appeals, 1st Dist, Hamilton Co

No 5360. Decided February 7, 1938

E. R. Heisel, Cincinnati, and Chauncey D Pichel, Cincinnati, for appellant.

Leo J. Brumleve, Jr., Cincinnati, for appellee.

## OPINION

By MATTHEWS, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton county for the defendant. Plaintiff was a passenger upon one of the defendant's street cars operated by it as a common carrier of passengers.

The plaintiff alleged that after she had boarded the car and while she was on the rear platform and before she had been given an opportunity to enter the car and take a seat, the car started and then stopped suddenly and with a jerk, thereby throwing her against the cash box injuring her.

The defendant admitted the plaintiff was a passenger and it was a common carrier, and then denied all other allegations.

The case was submitted to the jury upon the issues of negligence and contributory negligence, and the jury returned a general verdict for the defendant. No special interrogatories were submitted to the jury.

It is claimed that the verdict cannot be sustained on the theory that it is a finding that the defendant was not negligent, but an examination of the evidence has convinced us that that issue was properly submitted to the jury and that its finding thereon cannot be said to be manifestly against the weight of the evidence.

As no error was committed in the submission of this issue or in the manner of its submission the "two issue rule" would preclude the reversal of the judgment, even if we should find that error had been committed in the submission of the other issue. **Knisely v Community Traction Co, 125 Oh St 131; Binder v Youngstown Railway Co, 125 Oh St 193.** However, we find no error relating to the other issue (contributory negligence).

It is claimed that there is error in this special charge:

"The Court charges you that it is the duty of the plaintiff to exercise ordinary care for her own safety while a passenger on a street car—that is, she must do what an ordinarily prudent person would do under the same or similar circumstances— and that the defendant, in the operation of its car, has a right to assume that the plaintiff will exercise such care when she becomes a passenger on the street car.

"The Court further charges you that if you find that ordinarily prudent persons under the same or similar circumstances would have supported themselves by the rod on the platform, and that plaintiff failed so to do, then she was negligent; and, if you find that she was negligent and that such negligence directly contributed, in the slightest degree to the cause of her injuries, then the plaintiff cannot recover and your verdict must be for the defendant, the Cincinnati Street Railway Company."

This charge does not declare that any stated conduct is negligence. It submits to the jury for its determination whether ordinary care required that the plaintiff should have supported herself by holding to the rod on the platform. This is the direct opposite of the cases and quotations cited by appellant in support of his contention. They all contemplate instruction imposing absolute duties upon the plaintiff instead of leaving it to the jury, as was done in this case, to judge the plaintiff's conduct by the standard of reasonable care.

In **39 Oh Jur. 969** and **970**, it is said:

"Although the trial court is not permitted, where evidence has been exhibited by both parties, to charge the jury, that they must find for one or the other of the parties, or charge as to the conclusion which they should reach on the testimony introduced, or as to the inference of fact which they should draw from other proven facts, or otherwise invade the province of the jury with respect to the determination of the weight of the evidence, the court may charge that, if the jury finds a specified fact in a case decisive of the rights of the parties proved, they should find a verdict for the party in whose favor such fact is established; it is proper, in fact necessary, when requested so to do, for the trial court, by way of a hypothetical statement of the case or by means of a hypothetical instruction, to group the facts which the evidence tends to prove and instruct the jury to find for one or the other party, according to the way they find such facts to have been established, being careful, of course, to leave it to the jury to say what facts are established by the evidence."

Finding no error in the record, the judgment is affirmed.

ROSS, PJ, and HAMILTON, J, concur.