**GIBSON, Plaintiff-Appellee, v. CITY RAILWAY COMPANY, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2223. Decided April 9, 1953.

474

Baggott & Johnston, Dayton, Horace W. Baggott, for and on behalf of plaintiff.

Landis, Ferguson, Bieser & Greer, Dayton, Rowan A. Greer, Jr., for and on behalf of defendant.

## OPINION

By HORNBECK, J.:

This is an appeal on questions of law from a judgment of the Common Pleas Court for the plaintiff and against the defendant in the sum of $10,000.00 and costs on a special verdict of a jury.

The action was for damages for personal injuries claimed to have been suffered by plaintiff, a passenger on a trolley bus of the defendant when it collided with an auto on the south side of an intersection of Sixth Street and Ludlow Street in the City of Dayton. The bus in which the plaintiff was riding was moving in a northerly direction on Ludlow Street. The plaintiff intended to alight at Fifth Street, which was an intersection one square north of Sixth and Ludlow. As the bus approached Sixth Street, where there is an overhead railroad viaduct, an automobile moving to its right passed it headed for the intersection of Sixth and Ludlow and before it could clear the intersection, the light having changed to

amber, it stopped. The bus then attempted to stop but did not succeed in doing so until it struck the automobile.

There is variation in the testimony as to the speed of the bus as it approached the railroad viaduct and before it applied its brakes. The plaintiff stated that it was moving from 35 to 40 miles per hour; other witnesses fixed the speed at lesser rates. It is undisputed that the driver of the bus put his brakes on quickly and brought it to a sudden stop. The plaintiff was seated on the first cross seat on the right hand side of the bus, and preparatory to leaving, arose a short time before it came to a stop and moved toward the front, taking one step, and then remembering that she should leave by the middle exit, turned and took a step or two toward the middle of the bus and reached for the bell cord. As she was doing so, and before she had gotten hold of the cord, the brakes were applied and the bus came to a sudden stop, causing plaintiff to fall and suffer injuries. Plaintiff had a pocketbook and a wrapped sandwich in one hand and reached for the cord with the other.

The negligence charged against the defendant was violation of a speed ordinance of the City of Dayton, failure to give warning of his intention to apply the brakes, and violation of the assured clear distance ahead statute. The answer was substantially a general denial. The jury returned a special verdict profferd by the plaintiff signed by all of its members. The defendant proffered two forms of special verdicts.

The special verdict as returned, after finding that the plaintiff was a passenger of the defendant company, where she was seated, the direction in which the bus was moving and the presence of the automobile ahead of the bus as it approached Sixth Street, further specifically determined:

"We find that the traffic light at Sixth Street and Ludlow Streets was changing from green to red and was on the amber or caution signal as the car of James Pilgrim and the defendant's bus approached the intersection and while they were both under the railroad viaduct next to said intersection. We find that James Pilgrim applied his brakes and stopped for the light and that the driver of the bus applied his brakes with great force but, was so close to the automobile of James Pilgrim that he was unable to stop before hitting the same and knocked it into the intersection of Sixth Street.

"We find that Hattie Gibson had arisen from her seat in the front of the bus to get off at Fifth Street; that she was carrying a package and her purse in one hand; that she had taken one step toward the front door and then turned to leave by the Exit door in the middle of the bus and that as

she turned and reached for the bell cord with the other hand, the brakes of the bus were applied suddenly, causing her to fall backward and, in falling, to strike her back against the fare box in the front of the bus and to injure her hip in falling to the floor and that under the circumstances at that moment, there was nothing that she could do to prevent the fall and injury.

"We find that the speed with which the bus was being operated, under all of the circumstances, including the nearness of the automobile of James Pilgrim, the approach to the intersection of Sixth Street and the changing traffic light, was greater than reasonable and proper; we find that the bus driver did not keep a lookout for the changing traffic light and that he did not keep his bus under such control as to stop at the traffic light without hitting the automobile of James Pilgrim and that the passenger was thrown to the floor upon the application of the brakes and that this fall resulted in injuries to Hattie Gibson."

There are other findings as to the injuries and their extent, and an assessment of the damages.

Defendant moved for judgment in its favor on the special verdict of the jury or, in the alternative, that the Court set aside the verdict and render judgment in favor of the defendant notwithstanding said verdict. This motion was overruled and thereupon a motion for new trial was filed upon the grounds that the special verdict was not sustained by sufficient evidence, is manifestly against the weight of the evidence, consists of conclusions other than facts and was contrary to law. This motion was overruled and this appeal prosecuted.

Two errors are assigned. One, the action of the court in the overruling of defendant's motion for a directed verdict and for judgment on the special verdict because of plaintiff's contributory negligence as a matter of law and, two, in overruling defendant's motion for new trial based on other errors obvious from the record.

It is urged that the plaintiff, realizing the speed of the bus to be excessive, so conducted herself as to be chargeable with contributory negligence as a matter of law. Her derelictions are assigned as failure to ring signaling her intention to leave the bus before she left her seat, moving into the aisle of the bus at a time when she knew she was more than a square away from her destination, failing to support herself with rods in the bus which were within her reach.

Appellant cites numerous cases, among others, **Cleveland Ry. v. Sebesta, 121 Oh St 34.** In this case the court supported directed verdicts in favor of the defendant predicated upon

the contributory negligence as a matter of law of the plaintiff.

Without reviewing the case at length, suffice to say that Judge Kinkade in the opinion, at the bottom of page 30 thereof, points out the differentiation between the facts there and here.

"He (the plaintiff) avers in his petition that the company knew or should have known of such danger, but does not allege in his petition that he did not know of such danger, nor did he offer any evidence tending to prove that he was not fully aware of the dangers, if any, which attended the situation."

The plaintiff had alighted from a street car in the path of moving traffic and made no effort to determine the presence of the traffic. Judge Kinkade further, at page 34, said:

"Sebesta's own evidence clearly discloses beyond a reasonable doubt that he was fully aware that he was stepping into a danger zone, and his evidence also shows that he stepped into the zone of danger entirely heedless of his own safety."

This determination cannot, as a matter of law, be made in this case for the reason that the trial judge was not required to say, as a matter of law, that the plaintiff at the time that she moved in the aisle was in a known place of danger. **Greyhound Lines v. Martin, 127 Oh St 499,** and **Mahoning & Shenango Railway & Light Co. v. Leedy, 104 Oh St 487,** also treat of a dangerous situation created by the carrier but known to the plaintiff.

**Sharpsteen v. Cincinnati Street Railway Co., 12 O. O. 287, 27 Abs 202; Behan v. Cincinnati Street Railway Co., 33 O. O. 476, 78 Oh Ap 129,** are also cited as supporting the first assignment of error. Both of these cases hold that the failure of passenger plaintiffs to hold on to provided supports in a street car at the time of the injury sued upon raised an issue of contributory negligence which was for the determination of the jury. They afford no support for the contention that the conduct of the plaintiff here was contributory negligence as a matter of law. To so hold requires too many assumptions which the trial judge had not the right to indulge.

If the occurrence which caused plaintiff's injuries had been produced solely by speed, even then there would have been a factual question whether or not she was negligent, but the special verdict finds that her fall was caused not only by speed but by the failure of the bus driver to maintain a lookout and to observe the traffic light in the intersection where he had stopped, and his sudden stop. It may not be said as a matter of law that the speed alone would have

caused plaintiff to fall, nor does it appear that she had any knowledge whatever of the traffic conditions ahead of the bus, the proximity of the automobile ahead nor of the color of the traffic light at the intersection.

No cases are cited which would require the plaintiff as a matter of law to hold onto supports provided by the company as she was preparing to alight from the bus.

We have examined all of the cases cited and do not feel that it is necessary to discuss them further.

If it could be said that the plaintiff was chargeable with negligence there would then be left the question of proximate cause by the authority of **Glasco v. Mendelman, 143 Oh St 649.**

The first assignment of error is not well made.

Under the second assignment it is urged that the court erred in permitting plaintiff to amend the amended petition. We do not so find. Defendant did not request a continuance and it does not appear that it was prejudiced by the action of the court.

It is urged that the court erred in refusing to allow introduction of witness Palms' prior written statement. Palms had testified as plaintiff's witness. On cross-examination, it developed that he had made a written statement to the company which was submitted to him and concerning which he testified. We do not find this assignment exemplified on the record because, although it does appear that the written statement was marked as an exhibit, it was not offered in evidence.

It is claimed that the court erred in its charge in that it said the result of damages to be just compensation for the actual loss sustained "by reason of the injuries," and "Take into consideration the nature of the injuries" because by the language employed it implied that the defendant had admitted that the plaintiff suffered some injuries.

We have examined the charge of the court and note that quite early in the charge he quoted verbatim the answer of the defendant to the effect that it stated "that she may have been injured to some extent." It is doubtful if the charge can be interpreted as a statement that the defendant admitted any injuries, but the record clearly discloses that there was an admission that she suffered some injury. No prejudice could have resulted by the charge as given by the court in view of the development of the evidence. It is urged that the damages are excessive and predicated upon prejudice. The record does not support this contention.

The second assignment of error is not well made.

The judgment will be affirmed.

WISEMAN, PJ, MILLER, J, concur.