The STATE of Ohio, Appellant,

v.

WOODRING, Appellee.

[Cite as *State v. Woodring* (1989), 63 Ohio App.3d 79.]

Court of Appeals of Ohio,
Portage County.

No. 1936.

Decided May 22, 1989.

*David W. Norris,* Prosecuting Attorney, and *Robert Hunt,* Assistant Prosecuting Attorney, for appellant.

*Herbert Kane,* for appellee.

---

CHRISTLEY, Presiding Judge.

This is an accelerated calendar case.

On November 12, 1987, appellee Judy C. Woodring was involved in a two-car accident at the intersection of Summit and Herriff Roads in Ravenna, Portage County, Ohio. Appellee was cited for driving under the influence, R.C. 4511.19(A)(1), and driving with a blood-alcohol concentration level greater than the legal limit, R.C. 4511.19(A)(3).

Appellee moved the trial court to suppress the results of the breathalyzer test, claiming that the test was not performed within two hours of the accident. After the hearing, at which the hearsay statements of the other accident victims were suppressed, the trial court granted the motion.

Pursuant to Crim.R. 12(J), the state appealed this decision, and now advances the following assignment of error:

"The trial court erred in sustaining a hearsay objection at the preliminary suppression hearing."

R.C. 4511.19(B) provides that the results of the alcohol concentration test are admissible if the test is performed within two hours of the alleged violation. To establish this point, the state sought to introduce the testimony of the officer who issued the citations. The officer attempted to testify to the time of the accident through statements made to him by witnesses of the accident. However, the trial court sustained appellee's objection to the testimony, holding that it was inadmissible hearsay.

In its sole assignment of error, the state contends the trial court erred in excluding the officer's testimony. The state argues that the Rules of Evidence do not apply in a suppression hearing since the court is only making a preliminary determination as to the admissibility of the test results. In support, the state cites Evid.R. 101(C)(1), which states that the Rules of Evidence are not binding on admissibility determinations made pursuant to Evid.R. 104(A). The latter rule provides:

"(A) *Questions of admissibility generally.* Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (B). In making its determination *it is not bound by the rules of evidence* except those with respect to privileges." (Emphasis added.)

The Staff Notes to both of these rules simply restate the general language of Evid.R. 104(A), *i.e.,* the court is not obligated to follow the exclusionary

Rules of Evidence in making preliminary determinations. The Staff Notes also cite to McCormick, Evidence (2 Ed.1972) 122, Section 53, which states that courts should be able to use affidavits and hearsay in making such determinations.

Although not binding on this court, we note that the United States Supreme Court has stated that the rules of evidence normally "do not operate with full force at hearings before the judge to determine the admissibility of evidence." (Footnote omitted.) *United States v. Matlock* (1974), 415 U.S. 164, 172, 94 S.Ct. 988, 994, 39 L.Ed.2d 242, 250. The court also noted that this principle was embodied in Rule 104(A) of the proposed Federal Rules of Evidence. The wording of the proposed rule is the same as that in the Ohio rule. In determining that the trial court had erred in not admitting hearsay evidence at a suppression hearing, the *Matlock* court emphasized that the circumstances in which the hearsay statement was made showed that it was reliable.

The Ohio rule gives the trial judge broad discretion concerning the admissibility of evidence presented in a suppression hearing. And while we do not advocate that a judge must admit all offered testimony regardless of the Rules of Evidence, in the instant case the acting judge refused to admit the disputed testimony solely because it was hearsay. It is clear that the acting judge felt that he had no other option. However, the table of evidence existing at that point in the hearing was too sparse to enable either the acting judge or this court to determine if there were any applicable hearsay exceptions which applied or if Evid.R. 101(C)(1) or 104(A) would have required a more extensive intake of evidence as to the surrounding circumstances prior to the exclusion of the disputed testimony.

The acting judge's decision to exclude the testimony therefore constituted an abuse of discretion because the testimony's undisputed status as hearsay does not *per se* bar its use in this instance under Evid.R. 101(C)(1), or 104(A) and possibly under one or more of the hearsay exceptions.

It is certainly not contested that a judge can make the right ruling albeit for the wrong reasons. Here, however, there is an insufficient table of evidence to determine if the ruling was right or wrong. Since this matter was clearly prejudicial to the prosecution, this matter must be reversed and remanded for a redetermination of the admissibility of the disputed evidence in light of Ohio Evid.R. 101(C)(1) and 104(A) or any applicable hearsay exceptions.

The judgment of the trial court is therefore reversed and this matter is remanded to the trial court for a new suppression hearing consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

CACIOPPO, J., concurs.

FORD, J., dissents.

MARY CACIOPPO, J., of the Ninth Appellate District, sitting by assignment.

FORD, Judge, dissenting.

In obtaining its conclusion, the majority places great emphasis upon both *United States v. Matlock* (1974), 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242, and upon McCormick's interpretation of Evid.R. 104(A). While both are instructive, *Matlock, supra,* is not binding upon this court. Although we also share respect for the commentary of McCormick, the effect of that view has not been formally enacted in this state.

In its opinion, the majority notes that "the *Matlock* court emphasized that the circumstances in which the hearsay statement was made showed it was reliable." In addition, in *Matlock* the court noted the " * * * statements were against her (the declarant's) penal interest and they carried their own indicia of reliability." *Matlock,* 415 U.S. at 176, 94 S.Ct. at 996, 39 L.Ed.2d at 252. The court also placed emphasis upon the fact that the declarant was at the suppression hearing and was available for cross-examination reducing the risk of prejudice from the use of hearsay. *Id.* at 177, 94 S.Ct. at 996, 39 L.Ed.2d at 253.

In this cause, there is no similar "indicia of reliability," nor was the declarant available for cross-examination. Further, the notion of "indicia of reliability," though not specifically identified by the court, stems from the hearsay exception contained in Fed.Evid.R. 803(24), also known as the "residual hearsay exception."

Fed.Evid.R. 803 provides:

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

" * * *

"(24) A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness * * *."

However, this same rule was not adopted in Ohio. Therefore, even assuming an "indicia of reliability," which is not evident in this cause, the statement would still not be admissible in this jurisdiction.

Finally, the decision as to admissibility of the evidence and, even more basic, whether or not to apply the Rules of Evidence at a suppression hearing, rests with the discretion of the court. See Evid.R. 101 and 104(A). Therefore, in order to reverse, this court must find an abuse of discretion which " * * * connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Steiner v. Custer* (1940), 137 Ohio St. 448 [31 N.E.2d 885]; *Conner v. Conner* (1959), 170 Ohio St. 85 [9 O.O.2d 480, 162 N.E.2d 852]; *Chester Township v. Geauga Co. Budget Comm.* (1976), 48 Ohio St.2d 372 [2 O.O.3d 484, 358 N.E.2d 610]." *State v. Adams* (1980), 62 Ohio St.2d 151, 157–158, 16 O.O.3d 169, 172–173, 404 N.E.2d 144, 148–149. Accord *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

In this writer's judgment, therefore, the non-application of the Rules of Evidence in such a proceeding is not tantamount to a *per se* act equivalent to an abuse of discretion. Further, the failure to apply a rule of evidence that has not yet been adopted in Ohio also does not amount to such abuse.

In addition, a review of the history of the rules reveals that the "residual hearsay" exception was specifically rejected. The Ohio Evidence Rules Committee disapproved the adoption of an Ohio counterpart to the hearsay exception adopted by the Federal Rules of Evidence. The committee believed that adoption of those rules would provide the court with unnecessary discretion. We are mindful that there are many among the bench and bar of Ohio that do not share this rationale and who urge that this federal counterpart should be enacted here. However, that event has not yet transpired.

For the foregoing, I would affirm.