I respectfully dissent from the majority's decision to affirm appellant's First Assignment of Error. The majority concluded the trial court should have sustained appellant's motion to suppress because the batch certificate was not properly authenticated.
Although a line of cases supports appellant's argument, including an unreported case from this court, I find the applicable law is contained in the Ohio Rules of Evidence. Specifically, Evid.R. 101(C)(1) provides that the Rules of Evidence are not binding on admissibility determinations made pursuant to Evid.R. 104(A). Evid.R. 104(A) states as follows:
(A) Questions of admissibility generally
 Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility or evidence shall be determined by the court, subject to the provisions of subdivision (B). In making its determination it is not bound by the rules of evidence except those with respect to privileges.
The Ohio Rules of Evidence give a trial judge broad discretion concerning the admissibility of evidence presented at a suppression hearing. Accordingly, I find hearsay evidence is not per se barred from use at a suppression hearing. The Eleventh District Court of Appeals reached the same conclusion in State v. Woodring (1989), 63 Ohio App.3d 79. In Woodring, the court of appeals cited the United States Supreme Court's decision in United States v. Matlock (1974), 415 U.S. 164, 172, wherein the Court stated that the Rules of Evidence normally "do not operate with full force at hearings before the judge to determine the admissibility of evidence."
Accordingly, I would overrule appellant's First Assignment of Error.