**The STATE of Ohio**

v.

**NUTTER.**

2004-Ohio-3143.]

Marion County Municipal Court, Ohio.

No. TRC 0312844.

Decided May 26, 2004.

Jason Warner, Marion City Law Director, for plaintiff.

Robert M. Owens, for defendant.

WILLIAM R. FINNEGAN, Judge.

{¶ 1} On May 6, 2004, this case came on before the court upon the defendant James C. Nutter Jr.'s motion for reconsideration. The plaintiff was represented by Marion Assistant City Law Director Jason Warner, and the defendant was present and was represented by attorney Robert M. Owens. Thereupon, oral argument was heard on the motion.

{¶ 2} This court previously overruled the defendant's motion to suppress evidence. The defendant has filed his motion for reconsideration, raising the argument that R.C. 4511.19(D)(4)(b) is unconstitutional, alleging that it is in violation of Section 5(B), Article IV of the Constitution of Ohio. The defendant bases his argument upon two recent rulings holding that the statute is unconstitutional, those being *State v. Angle* (2004), Licking Cty. M.C. No. 03 TRC 15417; and *State v. Phipps* (2003), Auglaize Cty. M.C. No. 03 TRC 05054. Both case decisions held R.C. 4511.19(D)(4)(b) in violation of the rule-making authority of the Ohio Supreme Court found in Section 5(B), Article IV of the Ohio Constitution.

{¶ 3} R.C. 4511.19(D)(4)(b) reads as follows:

"In any criminal prosecution or juvenile court proceeding for a violation of division (A) or (B) of this section, of a municipal ordinance relating to operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, or of a municipal ordinance relating to operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine, if a law enforcement officer has administered a field sobriety test to the operator of the vehicle involved in the violation and if it is shown by clear and convincing

evidence that the officer administered the test in substantial compliance with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the time the tests were administered, including, but not limited too, any testing standards then in effect that were set by the National Highway Traffic Safety Administration, all of the following apply:

"(i) The officer may testify concerning the results of the field sobriety test so administered.

"(ii) The prosecution may introduce the results of the field sobriety test so administered as evidence in any proceedings in the criminal prosecution or juvenile court proceeding.

"(iii) If testimony is presented or evidence is introduced under (D)(4)(b)(i) or (ii) of this section, and if the testimony or evidence is admissible under the Rules of Evidence, the court shall admit the testimony or evidence and the trier of fact shall give it whatever weight the trier of fact considers to be appropriate."

{¶ 4} The relevant part of Section 5, Article IV of the Constitution of Ohio reads as follows:

"The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. Proposed rules shall be filed with the Court, not later than the 15th day of January, with the clerk of each house of the general assembly during a regular session thereof, and amendments to any such proposed rules may be so filed not later than the first day of May in that session. Such rules shall take effect on the following first day of July, unless prior to such day the general assembly adopts a concurrent resolution of disapproval. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

{¶ 5} The court notes that at oral argument, the defendant at one point claimed that the admission of field sobriety tests was a matter of substantive law and not of procedural law. This claim of the defendant is not supported by either of the cases upon which defendant relies in his motion, and the court finds that if this issue was a matter of substantive law, defendant's argument as to unconstitutionality of the statute would fail, as Section 5, Article IV of the Constitution of Ohio specifically states that rules governing practice and procedure shall not abridge, enlarge, or modify any substantive right. The court finds, however, that the standards of admission of field sobriety tests are a matter of procedural law, so the court shall continue to consider whether R.C. 4511.19(D)(4)(b) violates the Constitution of Ohio.

{¶ 6} This court previously overruled the defendant's motion to suppress, using the statute in question. Does R.C. 4511.19(D)(4)(b) conflict with the Ohio Rules of Evidence in a motion to suppress context? This court believes the answer is no. First, the express terms of Evid.R. 101(C)(1) specifically provide that the Rules of Evidence do not apply to determinations prerequisite to rulings on the admissibility of evidence when the issue is to be determined by the court under Evid.R. 104. Evid.R. 104(A) provides that preliminary questions concerning the admissibility of evidence shall be determined by the court, and in making its determination, it is not bound by the Rules of Evidence except those with respect to privileges. Thus, by its own terms, the Ohio Rules of Evidence are not applicable in suppression hearings. *State v. Woodring* (1989), 63 Ohio App.3d 79, 577 N.E.2d 1157. Since the Rules of Evidence do not apply in suppression hearings in the first place, R.C. 4511.19(D)(4)(b) cannot be in conflict with any Evidence Rule in a motion to suppress context.

{¶ 7} Although the above-stated reasoning deals with the defendant's motion for reconsideration at this point of the proceedings, it only delays the inevitable issue as to whether R.C. 4511.19(D)(4)(b) is in conflict with the Modern Courts Amendment at trial. In a trial, the Ohio Rules of Evidence are applicable. This court shall therefore consider whether the statute is unconstitutional in a trial setting as well.

{¶ 8} In the cases relied upon by the defendant, *State v. Phipps* and *State v. Angle,* the courts held that *State v. Homan* (2000), 89 Ohio St.3d 421, 732 N.E.2d 952, which imposed a strict compliance standard with National Highway Traffic and Safety Administration standards for field sobriety tests to be admissible, was not a new evidentiary rule established in common law, but, rather, an application of an existing Rule of Evidence, that being Evid.R. 702, relating to the admissibility of evidence by expert witnesses.

{¶ 9} In considering this issue, the court has reviewed *State v. Bresson* (1990), 51 Ohio St.3d 123, 554 N.E.2d 1330. In *Bresson,* the Supreme Court was confronted with two conflicting lines of case law that had developed around Ohio, as well as other states, as to the issue of whether expert testimony was required for horizontal gaze nystagmus test results to be admitted. One line of case authority held that the horizontal gaze nystagmus test is a scientific test that requires expert testimony regarding the test's scientific reliability and acceptance. The other line of authority held that evidence of a horizontal gaze nystagmus test is admissible so long as a proper foundation is laid as to the techniques used and the officer's ability to use it. The Supreme Court in *Bresson* found that horizontal gaze nystagmus test results are admissible so long as the proper foundation has been shown both as to the officer's training and ability to

administer the test and as to the actual technique used by the officer in administering the test.

{¶ 10} In making this determination, the court in *Bresson* stated:

"The HGN test cannot be compared to other scientific tests, such as a polygraph examination, since no special equipment is required in its administration. Thus the only requirement prior to admission is the officer's knowledge of the test, his training, and his ability to interpret his observations. The admission of the results of the HGN test is no different from any other field sobriety test, such as finger-to-nose, walk-and-turn, or one-leg stand." *State v. Bresson,* supra, 51 Ohio St.3d at 129, 554 N.E.2d 1330.

{¶ 11} In *Bresson,* the Ohio Supreme Court clearly rejected the line of case authority requiring expert testimony for HGN test results to be admitted. As no expert testimony is required for the admission of field sobriety tests, Evid.R. 702 does not have any application on this issue.

{¶ 12} *State v. Homan* did not create a requirement for expert testimony for the admission of field sobriety tests. The *Homan* decision did, however, create a standard for the admission of field sobriety tests, that being a standard of strict compliance with the requirements of the NHTSA Manual.

{¶ 13} Ohio Evid.R. 102 specifically provides that the principles of the common law of Ohio supplement the provisions of the Rules of Evidence and that the Rules of Evidence shall be construed to state the principles of the common law of Ohio unless the rule clearly indicates that a change was intended. In this regard, it is stated in Weissenberger's Ohio Evidence Treatise (2004), at Section 102.1:

"Rule 102 differs markedly from Federal Rule 102 in stating that the intention of Ohio Rules is to provide a codification of the common law, consequently, a conservative construction is indicated.

"In contrast to the Federal Rule 102, which provides that the Federal Rules shall be construed so as to promote the 'growth and development' of the law of evidence in federal courts, Ohio Rule 102 explicitly prohibits expansive theories of evidence derived from the Rules. Ohio Rule 102 is unambiguous in its dictate that the Rules are to be interpreted as complementary to the common law, and in no case shall the Rules supercede the substantive statutory provisions of the Ohio Revised Code. Necessarily, any imprecision or interstices are to be resolved by resort to the common law.

"Rule 102 was amended effective July 1, 1996, to make it clear that the principles of the common law of Ohio supplement the provisions of the Ohio Rules of Evidence. According to the Staff Note, the Rules of Evidence 'are not an exhaustive compilation of the rules governing evidence questions nor are the rules preemptive as to subjects that they do not address.' Where gaps exist in

the rules, or where common law rules have not yet been codified, the rules developed through the common law govern. * * * As stated by the Staff Note, the common law not only 'provides a framework for construing the content of specific rules' but also 'provides the rules of decision as to questions not addressed by specific rules.' "

{¶ 14} The Ohio Rules of Evidence are silent, both as to what standard is to be applied by courts as to the admissibility of field sobriety tests (whether strict, substantial, or minimal compliance with testing standards is required) and also as to the burden of proof required for admissibility of such tests (preponderance of the evidence, clear and convincing evidence, or proof beyond a reasonable doubt). *State v. Homan* was a common-law decision setting a standard of strict compliance for admissibility and was silent as to the burden of proof needed to establish admissibility of evidence. R.C. 4511.19(D)(4)(b) has legislatively overruled *Homan* by creating a standard of substantial compliance, shown by clear and convincing evidence, in order for field sobriety tests to be admitted.

{¶ 15} Ohio Evidence Rule 402 states that all relevant evidence is admissible except as otherwise provided by the Ohio Constitution, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by the Ohio Rules of Evidence, or by other rules prescribed by the Supreme Court of Ohio. As the Ohio Rules of Evidence are silent as to both the compliance standard to be used for field sobriety tests, as well as the burden of proof to be used in the admission of those tests, R.C. 4511.19(D)(4)(b) does not conflict with the Ohio Rules of Evidence and therefore does not conflict with the Modern Courts Amendment, and, in particular, Section 5(B), Article IV of the Constitution of Ohio. The statute does legislatively overrule *State v. Homan,* which is constitutionally permissible, as *State v. Homan* is a common-law evidence rule.

{¶ 16} In making this conclusion, the court is guided also by the Supreme Court decision of *State v. Vega* (1984), 12 Ohio St.3d 185, 188, 12 OBR 251, 465 N.E.2d 1303, which stated that the subjects of standards of proof and testing are now largely controlled by statute.

{¶ 17} The court is also guided by the recent case of *State v. Schmitt,* 101 Ohio St.3d 79, 2004-Ohio-37, 801 N.E.2d 446, which extended the strict compliance standard to field sobriety tests for trial purposes, as well as probable cause purposes. However, the Supreme Court noted:

"Since our decision in *Homan,* the General Assembly has amended R.C. 4511.19. Under the amended statute, the arresting officer no longer needs to have administered field sobriety tests in strict compliance with testing standards for the test results to be admissible at trial. Instead, an officer may now testify concerning the results of a field sobriety test administered in substantial compliance with the testing standards. * * * *Consequently, we recognize*

*that this portion of our decision will have limited applicability."* (Emphasis added.) *State v. Schmitt,* supra, at ¶ 9.

{¶ 18} Although the above statement in *Schmitt* is dicta, it nevertheless is persuasive to this court as to the issue of the validity of R.C. 4511.19(D)(4)(b).

{¶ 19} Finally, the court also notes the dissent of Justice Pfeifer in *Schmitt,* where Justice Pfeifer stated that the majority decision of *State v. Schmitt* effectively guts the decision of *State v. Homan.*

{¶ 20} For the above-stated reasons, this court finds R.C. 4511.19(D)(4)(b) not in conflict with the Ohio Rules of Evidence and therefore constitutional.

{¶ 21} The motion for reconsideration is overruled.

{¶ 22} The case shall proceed to trial.

Judgment accordingly.