OPINION
{¶ 1} Appellant, Sandra L. Ware ("Ware"), appeals the May 30, 2003 judgment entry of the Lake County Court of Common Pleas denying her motion to suppress. Subsequent to the lower court's denial of her motion to suppress, Ware pled no contest to one count of tampering with coin machines, a fifth degree felony in violation of R.C. 2911.32, and to one count of possessing criminal tools, a fifth degree felony in violation of R.C.2923.24.[1] For the following reasons, we affirm the decision of the Lake County Court of Common Pleas.
 {¶ 2} On October 26, 2002, Officer Brian Lako ("Lako") of the Wickliffe Police Department responded to a call that three persons were breaking into vending machines at the Clarion Hotel on Euclid Avenue. Upon his arrival at the hotel, Lako spoke with the front desk clerk who informed him that the three persons were not hotel guests. Another employee escorted Lako to an atrium where the vending machines are located and pointed to three persons in the atrium.[2] These persons were Ware, Toron Cooper ("Cooper"), and Karen Tidwell ("Tidwell"). As Lako entered the atrium, he observed Cooper standing outside the vending machine area, Tidwell standing in a hallway adjoining the atrium, and Ware coming around the corner where the vending machines were located. Lako specifically noticed a Coca-Cola vending machine and that Ware was carrying a Diet Coke. Ware, Cooper, and Tidwell began walking toward Lako who announced that he had received a report that they were breaking into vending machines and that he wanted to speak with them. Lako asked them for identification. The three suspects answered that they did not have any identification. Then, Lako asked them for personal information. At this point, Ware opened the Diet Coke, mumbled something, and began to walk away. Cooper walked toward a couple of children's race car rides, ten or twelve feet away from Ware, and sat down. Lako told Ware to stop, which she did, and called for backup. When other officers from the Wickliffe Police Department arrived, Lako went over to where Cooper was sitting and found a screwdriver on the ground. After speaking further with the hotel management, Lako placed Ware, Cooper, and Tidwell under arrest for trespassing.
 {¶ 3} Subsequent to the arrest, police searched Ware and found $594.00 in cash, $154.00 of which was one dollar bills. Police also recovered the barrel key that opened the drink machines at the Clarion Hotel from the Diet Coke bottle from which Ware was drinking. Prior to entering her plea, Ware moved to have this evidence suppressed. After a hearing on May 23, 2003, the trial court denied Ware's motion. This appeal timely follows.
 {¶ 4} Ware raises the following assignment of error on appeal: "The Trial Court erred to the prejudice of the Defendant-Appellant when it denied her Motion to Suppress resulting in a violation of her rights against reasonable search and seizure as guaranteed by Article I, Sections 10 and 14 of the Ohio Constitution and the Fourth and Fourteenth Amendments to the United States Constitution." Ware argues that Lako's initial seizure of her, an investigatory stop, was not based on specific and articulable facts that she was engaged in criminal activity. Ware also claims that her arrest was not based on probable cause.
 {¶ 5} At a suppression hearing, the trial court acts as the trier of fact. Ravenna v. Nethken, 11th Dist. No. 2001-P-0040, 2002-Ohio-3129, at ¶ 13, citing State v. Mills (1992),62 Ohio St.3d 357, 366. As the trier of fact, the trial court must evaluate the evidence and judge the credibility of the witnesses.Mills, 62 Ohio St.3d at 366, citing State v. Fanning (1982),1 Ohio St.3d 19, 20. "The court of appeals is bound to accept factual determinations of the trial court made during the suppression hearing so long as they are supported by competent and credible evidence." State v. Searls (1997),118 Ohio App.3d 739, 741. Accepting the trial court's determination of the factual issues, the court of appeals must conduct a de novo review of the trial court's application of the law to those facts. Id.; State v. Stiles, 11th Dist. No. 2002-A-0078, 2003-Ohio-5535, at ¶ 11.
 {¶ 6} The Fourth Amendment to the United States Constitution provides for "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."[3] The reasonableness requirement of the Fourth Amendment is realized through the concepts of probable cause and reasonable suspicion. "Whether a warrantless arrest is `* * * constitutionally valid depends * * * upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the * * * [defendant] had committed or was committing an offense.'" State v. Heston (1972),29 Ohio St.2d 152, 155-156, quoting Beck v. Ohio (1964), 379 U.S. 89,91. Officers may "stop and briefly detain a person for investigatory purposes" with less than probable cause, if they possess a reasonable suspicion that a person is, or is about to be, engaged in criminal activity. State v. Franklin,97 Ohio St.3d 1, 2002-Ohio-5304, at ¶ 11, citing Terry v. Ohio (1968),392 U.S. 1, 30. An officer must be able to justify an investigatory stop by pointing to "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant" the stop. State v. Williams (1990),51 Ohio St.3d 58, 60, quoting Terry, 392 U.S. at 21.
 {¶ 7} According to Ware, Lako "had observed nothing to indicate that Ms. Ware was responsible for the [vending machine] break-ins." We disagree. We find that Lako had probable cause to arrest Ware as well as reasonable grounds for detaining her. Lako was responding to a call by the hotel that three persons were breaking into vending machines on the hotel's property. When Lako arrived, an employee of the hotel informed him that the persons breaking into the machines were not guests of the hotel. Another hotel employee took him to the area where the vending machines were and pointed out three individuals, including Ware, as the ones responsible for the break-ins. The three persons were all found near the vending machines and Ware was holding a drink bottle of the type dispensed by one of the machines. Although Lako did not personally observe Ware breaking into a vending machine, hotel employees did observe her and reported this information to Lako. Clearly at this point, Lako had reasonable grounds for detaining Ware.[4]
 {¶ 8} When asked for identification, Ware could not produce any identification. When asked for personal information, Ware tried to walk away from the officer. Ware's companion, Cooper, also moved away from the officer in an apparent effort to hide a screwdriver in his possession. These furtive movements by Ware and Cooper, together with Ware's identification by a hotel employee and her location in the immediate vicinity of the vending machines, is reasonably trustworthy information sufficient to warrant Lako's belief that she was committing an offense. Therefore, Lako had probable cause to arrest Ware and the evidence taken was properly seized as the result of a search incident to an arrest. Dixon v. Maxwell (1964),177 Ohio St. 20, 21 ("It is not necessary that an officer know that a specific crime has been committed in order for him to have probable cause to make an arrest. It is sufficient if he has reasonable grounds to believe from the circumstances that a felony has been committed, and that the accused has committed it.").
 {¶ 9} The decision of the Lake County Court of Common Pleas denying Ware's motion to suppress is affirmed.
Christley, J., O'Neill, J., concur.
[1] Ware was sentenced to eight months incarceration for each count to be served concurrently. Ware's sentence has been stayed pending appeal.
[2] At the suppression hearing, the trial court sustained Ware's objection to Lako's hearsay testimony that, upon entering the atrium, he was told "they [Ware, Cooper, and Tidwell] are right there." We point out that, at a suppression hearing, such hearsay statements are admissible. Maumee v. Weisner,87 Ohio St.3d 295, 298, 1999-Ohio-68, quoting United States v. Raddatz
(1980), 47 U.S. 667, 679 ("[a]t a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial"); State v. Woodring (1989),63 Ohio App.3d 79, 81 ("The Ohio rule gives the trial judge broad discretion concerning the admissiblityof evidence presented in a suppression hearing.").
[3] Article I, Section 14 of the Ohio Constitution provides as follows: "The right of the people to be secure in their persons, houses, papers, and possessions, against unreasonable searches and seizures shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the person and things to be seized." Except in certain circumstances not relevant here, the Ohio Supreme Court "has interpreted Section14, Article I of the Ohio Constitution as affording the same protection as the Fourth Amendment." State v. Robinette,80 Ohio St.3d 234, 238, 1997-Ohio-343.
[4] At oral argument, Ware's attorney conceded that at this point there existed reasonable suspicion to detain Ware.