JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Donald Rodgers appeals from the denial of his motion to suppress. For the reasons set forth below, we affirm.
 {¶ 2} On October 11, 2007, defendant was indicted pursuant to a two-count indictment. In Count One, defendant was charged with possession of less than five grams of cocaine, and in Count Two, he was charged with possession of less than one gram of heroin. Defendant pled not guilty and moved to suppress the evidence obtained against him, asserting that the police relied upon invalid third-party consent in initiating the search.
 {¶ 3} The matter proceeded to an evidentiary hearing on March 18, 2008. The state presented the testimony of Linda Price and Cleveland Police Sgt. Robert Bartos.
 {¶ 4} Linda Price testified that her sister, Shirley Price, rented an apartment located at 3715 West 37th Street. Shirley was incarcerated in July 2007. According to Linda, Shirley executed a notarized power of attorney that authorized Linda to care for Shirley's and defendant's young son and also asked Linda to watch her house during the period of incarceration, take care of her things, and let out the dog.[1] Linda took possession of the child under the power of attorney. Linda indicated that she spoke with Shirley daily and that Shirley repeatedly asked Linda to take care of her things. Linda checked on the house *Page 4 
every day. On numerous occasions, Linda found people in the house and asked them to leave.
 {¶ 5} Linda further testified that defendant had resided at the house and that he and Shirley shared the same room. She stated that Shirley kicked him out of the house after he beat her and that he was not living there during Shirley's incarceration.
 {¶ 6} On September 19, 2007, Linda and her mother checked on the house and observed that the back door had been vandalized. She walked about the premises and observed drug paraphernalia in plain view in the bedroom, then called the police. Defendant arrived and became irate. He instructed them to leave and began swinging a hammer and attempted to nail the door shut. Linda flagged down Sgt. Bartos who was patrolling the area. She showed him the power of attorney that she had obtained from Shirley, explained that she was watching the house, and told the officer that it appeared that the back door had been damaged. She escorted the officer into the house and brought him to the room containing drug paraphernalia.
 {¶ 7} On cross-examination, Linda admitted that defendant had lived at the home and had a key. She also admitted that she no longer had the power of attorney. She stated that she had no further need of it following Shirley's release from jail, so she returned it to her sister.
 {¶ 8} Sgt. Bartos testified that Linda flagged him down and showed him a *Page 5 
power of attorney that gave her authority over the home. Sgt. Bartos stated that defendant appeared aggressive and excited. Sgt. Bartos then placed defendant in handcuffs after Linda informed him that defendant was waving a hammer at her and her mother. Defendant claimed that he lived at the house. Linda indicated that he did not live there but merely stayed there when it was convenient, and she relayed that the back door had been vandalized.
 {¶ 9} Sgt. Bartos placed defendant in the back of the zone car, and then went into the house with Linda and observed drug paraphernalia in plain view in the bedroom. Later, he found a crack pipe with cocaine residue in the zone car.
 {¶ 10} Sgt. Bartos admitted that he did not obtain a search warrant for the premises, and did not keep a copy of the power of attorney.
 {¶ 11} Defendant testified on his own behalf and stated that he lived at the house, and that Linda and her mother do not like him because he has drug issues. On the day in question, Linda entered the home and told him that he was not supposed to have people there. Defendant said, "okay," and the women indicated that they called the police. Sgt. Bartos arrived and defendant explicitly forbade him from entering the premises. Defendant was transported in the zone car and had no drugs or drug paraphernalia. He denied that Shirley ever executed a power of attorney. He admitted that he was upset, but he denied that he was behaving in a threatening way. *Page 6 
 {¶ 12} The trial court denied the motion to suppress, determining that Linda Price provided a valid third-party consent for the search and that Sgt. Bartos in good faith believed that she had valid consent. Defendant subsequently pled no contest to the charges and was sentenced to two years of community control sanctions. He now appeals and assigns one error for our review.
 {¶ 13} For his sole assignment of error, defendant asserts that the trial court erred in denying the motion to suppress because the state did not produce the power of attorney and did not establish that Linda Price provided valid third-party consent to search.[2]
 {¶ 14} In reviewing a trial court's ruling on a motion to suppress, the reviewing court must keep in mind that weighing the evidence and determining the credibility of witnesses are functions for the trier of fact. State v. DePew (1988), 38 Ohio St.3d 275, 277, 528 N.E.2d 542;State v. Fanning (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. See State v. Curry (1994),95 Ohio App.3d 93, 96, 641 N.E.2d 1172. The reviewing court, however, must decide de novo whether, as a matter of law, the facts meet the appropriate legal *Page 7 
standard. Id.; see, also, State v. Claytor (1993), 85 Ohio App.3d 623,627, 620 N.E.2d 906.
 {¶ 15} The Fourth Amendment to the United States Constitution provides in part: "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated ***."
 {¶ 16} During a suppression hearing regarding evidence found in a warrantless search of a premises, the state must prove that one of the few exceptions to the search warrant requirement applies to the facts of the case at hand. Coolidge v. New Hampshire (1971), 403 U.S. 443,91 S.Ct. 2022, 29 L.Ed.2d 564. One recognized exception to the warrant requirement is a search conducted based on consent. Schneckloth v.Bustamonte (1973), 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854.
 {¶ 17} It is also well-settled that voluntary consent provided by a third party is sufficient to support a search where the third party possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected. United States v.Matlock (1974), 415 U.S. 164, 165-166, 94 S.Ct. 988, 990,39 L.Ed.2d 242, 246; State v. Sneed (1992), 63 Ohio St.3d 3, 584 N.E.2d 1160. Accord, Georgia v. Randolph (2006), 547 U.S. 103, 105, 126 S.Ct. 1515,164 L.Ed.2d 208; Illinois v. Rodriguez (1990), 497 U.S. 177,110 S.Ct. 2793, 111 L.Ed.2d 148. The burden of establishing that common authority rests upon the state. Id. *Page 8 
 {¶ 18} Moreover, where consent is provided by a third party who asserts such authority, but in fact does not have valid authority, the determination of whether there is valid consent to enter must "be judged against an objective standard: would the facts available to the officer at the moment . . . `warrant a man of reasonable caution in the belief" that the consenting party had authority over the premises. Id., quotingTerry v. Ohio (1968), 392 U.S. 1, 21-22, 20 L.Ed.2d 889, 88 S.Ct. 1868.
 {¶ 19} In this matter, following our own de novo review, we agree with the trial court's determination that the state met its burden of establishing that Linda Price had common authority over the subject premises by virtue of the repeated requests of Shirley Price to look after the house and care for the dog. Moreover, we also concur with the trial court's conclusion that Sgt. Bartos met the requisite objective standard in any event, as the facts available to him on the scene would warrant a man of reasonable caution to believe that Price had proper authority to provide consent. The state presented clear evidence that Shirley provided Linda with the notarized power of attorney to care for her young child and other possessions in anticipation of being jailed and that Linda displayed this document to Sgt. Bartos.
 {¶ 20} The state also presented evidence that defendant was barred from the home after striking Shirley, and it is undisputed that the back door was vandalized, presumably in aid of an unlawful entry to the premises. Although *Page 9 
the power of attorney was returned to Shirley upon her release from jail and was not introduced into evidence, we nonetheless conclude that the state clearly met its burden of establishing the consent exception to the warrant requirement. Having thus gained lawful entry, the officer observed drug paraphernalia in plain view.
 {¶ 21} The assignment of error is without merit.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. MCMONAGLE, J., CONCURS
COLLEEN CONWAY COONEY, A.J., CONCURS IN JUDGMENT ONLY
[1] It is well-settled that the hearsay rule does not apply in a suppression hearing. State v. Woodring (1989), 63 Ohio App.3d 79,577 N.E.2d 1157; State v. Parsons (1989), 64 Ohio App.3d 63, 68,580 N.E.2d 800.
[2] Defendant also asserts that he had standing to challenge the search. Because the trial court explicitly determined that he did indeed have standing, we need not address this claim and presume that standing is established. *Page 1