[Cite as *State v. Gordon*, 2013-Ohio-4997.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26786 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JACK A. GORDON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 12 09 2669 |

DECISION AND JOURNAL ENTRY

Dated: November 13, 2013

BELFANCE, Presiding Judge.

{¶1} Defendant-Appellant Jack Gordon appeals from the denial of his motion to suppress in the Summit County Court of Common Pleas. For the reasons set forth below, we affirm.

I.

{¶2} Following the September 2012 traffic stop of a vehicle in which Mr. Gordon was a passenger, Mr. Gordon was indicted on one count of possession of drugs (Clonazepam) in violation of R.C. 2925.11(A)(C)(2), a fifth-degree felony, and one count of aggravated possession of drugs (Oxycodone/Percocet) in violation of R.C. 2925.11(A)(C)(1), a felony of the fifth degree. Mr. Gordon filed a motion to suppress asserting, inter alia, that police lacked probable cause to arrest him, and, thus, the search incident to arrest was unlawful. The matter proceeded to a hearing after which both sides filed briefs in support of their arguments. The trial

court denied Mr. Gordon's motion, and he entered a no-contest plea to the charges. The trial court sentenced Mr. Gordon to two years of community control.

{¶3} Mr. Gordon has appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT'S MOTION TO SUPPRESS.

{¶4} Mr. Gordon asserts in his sole assignment of error that the trial court erred in denying his motion to suppress. Specifically, he challenges whether the officer had probable cause to arrest him.

{¶5} Generally, review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. Thus, we defer to the trial court's findings of fact if they are supported by competent, credible evidence and review its application of the law to the facts de novo. *State v. Metcalf*, 9th Dist. Summit No. 23600, 2007-Ohio-4001, ¶ 6.

{¶6} "A warrantless arrest by an officer who does not have probable cause at the time of the arrest is constitutionally invalid." *State v. Finney,* 9th Dist. Summit No. 21180, 2003-Ohio-529, ¶ 18. Whether probable cause exists turns on "whether at that moment [of arrest] the facts and circumstances within the[ officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense." *Beck v. Ohio,* 379 U.S. 89, 91 (1964). "Once a defendant has shown a warrantless seizure and has adequately demonstrated that the basis of his challenge is lack of probable cause, the state bears the burden of proof on the issue of whether probable cause existed." *Finney* at ¶ 18.

{¶7} The only witness to testify at the suppression hearing was Officer Timothy Wypasek. Officer Wypasek testified that he was working the night shift on September 13, 2012, with a partner in a known drug area when they stopped a vehicle for failing to use a turn signal. While his partner, Officer Donohue, was addressing the driver of the vehicle, Officer Wypasek proceeded to approach the passenger, Mr. Gordon. As he did so, Officer Wypasek noticed that Mr. Gordon had a pill bottle in his hand and was "looking back at [Officer Donohue] and the driver area[.]" Mr. Gordon then "stuffed the pill bottle between his seat and the center console area." Based on this observation, which Officer Wypasek interpreted as Mr. Gordon attempting to hide contraband, Officer Wypasek handcuffed and arrested Mr. Gordon. Officer Wypasek testified that Mr. Gordon appeared intoxicated, was not cooperative, and asked several times why he was being handcuffed. Officer Wypasek told Mr. Gordon that it was because he was attempting to hide the pill bottle. In his mind, Officer Wypasek believed that Mr. Gordon was committing a criminal offense, namely obstructing official business[1], and that was the basis of the arrest.

{¶8} After arresting Mr. Gordon, Officer Wypasek located a pill bottle missing its top in the vehicle and also searched Mr. Gordon. While nothing was found inside the pill bottle, Officer Wypasek found a top to a pill bottle in Mr. Gordon's pocket along with "various pills[.]"

{¶9} Mr. Gordon argues that the officer lacked probable cause to arrest him because he did not have probable cause to arrest him for obstructing official business. We conclude that Mr. Gordon's arrest was not constitutionally invalid. The proper question is whether Officer Wypasek had probable cause to arrest Mr. Gordon for any offense. Although Mr. Gordon has

---

[1] Obstructing official business is generally a misdemeanor of the second degree. *See* R.C. 2921.31(B).

focused upon Officer Wypasek's subjective belief as to the offense he believed he witnessed, the officer's subjective belief is not determinative. Rather, the question is whether, under the circumstances, the officer's belief that he had witnessed the commission of a criminal offense was objectively reasonable. *See Dixon v. Maxwell,* 177 Ohio St. 20, 21 (1964); *see also Devenpeck v. Alford,* 543 U.S. 146, 153 (2004) ("Our cases make clear that an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause. That is to say, his subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause. As we have repeatedly explained, the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action.") (Internal quotations and citations omitted.); *State v. Ware,* 11th Dist. Lake No. 2003-L-141, 2004-Ohio-4281, ¶ 8; *State v. Jeter,* 5th Dist. Stark No. 1999CA00029, 1999 WL 770789, *4 (Sept. 20, 1999), fn. 3. Irrespective of whether there was probable cause to arrest Mr. Gordon for obstructing official business, as Officer Wypasek believed, the facts and circumstances before Officer Wypasek would lead a reasonable person to believe that Mr. Gordon was committing a crime by hiding the pill bottle. *See Beck*, 379 U.S. at 91; *Finney,* 2003-Ohio-529, at ¶ 20-21. For instance, the facts and circumstances could cause a reasonable person to believe that Mr. Gordon was tampering with evidence, a felony of the third degree. *See* R.C. 2921.12(A)(1). The statute prohibiting tampering with evidence provides that "[n]o person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall * * * conceal[] or remove any * * * thing, with purpose to impair its value or availability as evidence in such proceeding or investigation[.]"

{¶10} After the traffic stop, as Officer Wypasek was walking over to Mr. Gordon, Mr. Gordon looked over at Officer Donohue, who was addressing the driver, and then proceeded to stuff the pill bottle between the seat and the console. Given the circumstances, a reasonable person could conclude that Mr. Gordon was tampering with evidence. Mr. Gordon's actions could be viewed objectively to indicate an awareness of a police investigation and intent to hide the pill bottle so that it would not be found during the investigation. We note that "there is no requirement that an arresting officer absolutely know, in fact, that the person arrested has committed a crime. Only probable cause is needed * * *." *State v. Noe,* 6th Dist. Fulton No. F-82-3, 1982 WL 6560, *4 (Sept. 3, 1982). Moreover, the fact that Mr. Gordon was not prosecuted for either obstruction of official business or tampering with evidence does not invalidate the arrest. *See id.* (noting that "[w]hether or not charges are ever filed has no effect on the validity of the original arrest[]"); *see also Cuyahoga Falls v. Jones,* 9th Dist. Summit No. 10668, 1982 WL 2778, *3 (Oct. 6, 1982). To the extent that Mr. Gordon argues that the pill bottle was unrelated to the traffic violation which the officers were investigating and, thus, could not be support for a finding of probable cause to arrest him for tampering, we see no merit to this argument. We note that this Court has upheld convictions for tampering with evidence in which the evidence tampered with was not directly related to the officer's purpose for investigating the defendant. *See State v. Skorvanek,* 182 Ohio App.3d 615, 2009-Ohio-1709, ¶ 23 (9th Dist.) ("This court has never held that a defendant commits the offense of tampering with evidence only if he tampers with an item directly related to a police officer's purpose for investigating the defendant."). Given that police had probable cause to arrest Mr. Gordon, Officer Wypasek also was authorized to search Mr. Gordon incident to that arrest. *See Finney,* 2003-Ohio-529, at ¶ 22. Mr. Gordon does not dispute this proposition, and, thus, given our above conclusions, there is no

argument that the pills found on Mr. Gordon were not discovered as a result of a lawful search. Accordingly, the trial court properly denied Mr. Gordon's motion to suppress. We overrule Mr. Gordon's sole assignment of error.

III.

{¶11} In light of the foregoing, we affirm the judgment of the Summit County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.


APPEARANCES:

DAVID G. LOMBARDI, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.