[Cite as *State v. Persinger*, 2016-Ohio-858.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

CASE NO. 9-15-10

    v.

ROBERT ALLAN PERSINGER, JR.,

O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 2014-CR-0124

**Judgment Affirmed**

Date of Decision:  March 7, 2016

APPEARANCES:

    *Robert C. Nemo* **for Appellant**

    *David J. Stamolis* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant, Robert A. Persinger, Jr. ("Persinger"), brings this appeal from the judgment of the Common Pleas Court of Marion County, Ohio, which denied in part his motion to suppress and found him guilty of two counts of aggravated vehicular homicide and one count of aggravated vehicular assault, upon his entry of a no contest plea to these charges. For the reasons that follow we affirm the trial court's judgment.

*Factual and Procedural Background*

{¶2} On December 8, 2013, Persinger was involved in an automobile accident. Persinger failed to stop at a stop sign and collided with another vehicle, causing the death of two people and injuries to one person, all passengers in the other vehicle. Persinger was also severely injured. Trooper Jeremy Bice ("Trooper Bice") and Trooper Keith Smith ("Trooper Smith"), who were dispatched to the accident, smelled an odor of an alcoholic beverage emanating from Persinger and suspected that Persinger was operating a vehicle while under the influence of alcohol. Persinger was transported to Grant Medical Center in Columbus ("Grant Hospital"), where he was interviewed by Trooper Jason Jeffreys from the Columbus Metro Post of the State Highway Patrol. Persinger denied request for a blood draw, but a blood alcohol content test was performed by

the hospital as part of the treatment. The police obtained the results of this test in the course of their investigation.[1]

{¶3} On March 20, 2014, an eight-count indictment was filed in the Marion County Court of Common Pleas, charging Persinger with two counts of aggravated vehicular homicide, a felony of the first degree in violation of R.C. 2903.06(A)(1)(a); two counts of aggravated vehicular homicide, a felony of the second degree in violation of R.C. 2903.06(A)(2)(a); one count of aggravated vehicular assault, a felony of the second degree in violation of R.C. 2903.08(A)(1)(a); one count of aggravated vehicular assault, a felony of the third degree in violation of R.C. 2903.08(A)(2)(b); one count of operating a vehicle under the influence, a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(a); and one count of operating a vehicle under the influence, a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(f). (R. at 1.) Persinger pled not guilty. (R. at 5.)

{¶4} On May 22, 2014, Persinger filed a "Motion to Suppress And/or In Limine and Request for Oral Hearing." (R. at 84.) The motion listed fifty-six various grounds for suppression or exclusion, including unconstitutionality of the blood test (grounds 1-2); failure to comply with the Revised Code and the Administrative Code requirements for alcohol tests (grounds 3-50); violation of

---

[1] Persinger does not raise any challenges as to the method of obtaining the results of the blood test by the police.

Persinger's right against self-incrimination, right to counsel, and confrontation right (grounds 51 and 56); prejudicial effect of admitting the test results (ground 52); violation of discovery rules and rules against hearsay (grounds 53 and 56); unconstitutionality of the Administrative Code and of R.C. 4511.19 (ground 54); and a demand for retrograde extrapolation to the time of the offense as a prerequisite of admissibility (ground 55). Of note, the motion did not challenge the search or seizure of Persinger's medical records—an issue we addressed in *State v. Clark*, 3d Dist. No. 5-13-34, 2014-Ohio-4873, 23 N.E.3d 218, and *State v. Little*, 3d Dist. No. 2-13-28, 2014-Ohio-4871, 23 N.E.3d 237.

{¶5} The trial court conducted a hearing on the motion to suppress and issued a judgment entry granting the motion in part and denying it in part. The trial court prohibited the introduction of statements made by Persinger to law enforcement officers while at the hospital, but allowed the State to introduce the results of the blood test performed at the hospital, with appropriate expert testimony and subject to "demonstrating the reliability of the results." (R. at 146.)

{¶6} On July 11, 2014, Persinger entered a plea of no contest to counts one and two, each for aggravated vehicular homicide, felonies of the first degree in violation of R.C. 2903.06(A)(1)(a), and count five: aggravated vehicular assault, a felony of the second degree in violation of R.C. 2903.08(A)(1)(a). The remaining counts of the indictment were dismissed. The trial court found Persinger guilty and sentenced him to a total of nine years in prison.

{¶7} We allowed a delayed appeal and the following assignments of error are now before us.

### Assignments of Error

1.  THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS THE RESULTS OF APPELLANT'S BLOOD TEST FROM GRANT HOSPITAL.

2.  APPELLANT'S CONVICTIONS MUST BE REVERSED BECAUSE THERE SHOULD NOT HAVE BEEN AND WAS INSUFFICIENT EVIDENCE FOR THE TRIAL COURT TO ACCEPT APPELLANT'S NO CONTEST PLEAS.

### Analysis

*Preliminary Matters*

{¶8} Before addressing the assignments of error, we must put the issues in context. Persinger was convicted of violation of R.C. 2903.06(A)(1)(a) and 2903.08(A)(1)(a). The misdemeanor charges for operating a vehicle under the influence in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(1)(f) have been dismissed. But these parts of the statute are still at issue on appeal because a conviction under R.C. 2903.06(A)(1)(a) requires proof that the defendant caused the death of another "[a]s the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance." Similarly, a conviction under R.C. 2903.08(A)(1)(a) requires proof that the defendant caused serious physical harm to another "[a]s the proximate result of committing a violation of division (A) of

section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance." Therefore, the issues raised by Persinger and our discussion below concern a violation of R.C. 4511.19, even though the charges against Persinger under this section of the Revised Code have been dismissed.

### *First Assignment of Error—Motion to Suppress*

{¶9} Persinger alleges that the trial court erred by denying suppression of the results of the blood test taken at Grant Hospital. An appellate review of the trial court's decision on a motion to suppress involves a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8; *State v. Norman,* 136 Ohio App.3d 46, 51, 735 N.E.2d 953 (3d Dist.1999). We will accept the trial court's factual findings if they are supported by competent, credible evidence, because the "evaluation of evidence and the credibility of witnesses" at the suppression hearing are issues for the trier of fact. *State v. Mills,* 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992); *Norman* at 51; *Burnside* at ¶ 8. But we must independently determine, without deference to the trial court, whether these factual findings satisfy the legal standard as a matter of law, because "the application of the law to the trial court's findings of fact is subject to a *de novo* standard of review." *Norman* at 52; *Burnside* at ¶ 8.

{¶10} Persinger raises three issues with respect to the trial court's denial of his motion to suppress. First, he argues that the trial court wrongly determined that the State was not required to prove compliance with the Ohio Department of

Health Regulations.  Second, he alleges that the State failed to show the chain of custody for the blood samples.  Third, he contends that the trial court improperly assisted the State in establishing foundation for admissibility of the blood test results.  Since Persinger does not challenge the trial court's factual findings on appeal, we review these issues de novo.

### 1. Compliance with the Ohio Department of Health Regulations

{¶11} Persinger alleges that the test results should have been suppressed because of the failure to comply with regulations promulgated by the Ohio Director of Health ("ODH").   The alcohol-testing regulations, contained in the Ohio Administrative Code, ensure the accuracy of the alcohol-test results. *Burnside* at ¶ 10, 21.   Compliance with these regulations is required by R.C. 4511.19(D)(1)(b), which states that "[t]he bodily substance withdrawn under division (D)(1)(b) of this section shall be analyzed in accordance with methods approved by the director of health by an individual possessing a valid permit issued by the director pursuant to section 3701.143 of the Revised Code."    The state must establish substantial compliance with these regulations before the tests could be admitted in a criminal prosecution for operation of a vehicle under the influence. *Burnside* at ¶ 27.

{¶12} In the instant case, the State conceded that Persinger's blood test was not conducted in substantial compliance with ODH regulations.   It argued, however, that compliance with the regulations was not necessary under the facts at

issue. The State focused on the fact that the blood alcohol content test was performed by the hospital, and not by the law enforcement. Furthermore, the test results were used to show a violation of R.C. 4511.19(A)(1)(a) (operating a vehicle while under the influence), and not a violation of R.C. 4511.19(A)(1)(f) (operation of a vehicle with a prohibited concentration of alcohol in the person's blood—so-called "per se" violation). The State argued that because proof of violation of R.C. 4511.19(A)(1)(a) does not depend on the concentration of alcohol in the person's blood, substantial compliance is not required in the limited circumstances when the blood is drawn and the test is performed by a hospital. The trial court agreed with this argument and Persinger contends that this was contrary to law.

{¶13} We acknowledge that in 2005, the Ohio Supreme Court held that blood test results, which were taken and analyzed by a health care provider, must substantially comply with the administrative requirements of R.C. 4511.19(D) in order to be admissible as evidence in prosecution for a vehicular homicide in violation of R.C. 2903.06(A), which alleges a violation of operating under the influence pursuant to R.C. 4511.19(A). *State v. Mayl*, 106 Ohio St.3d 207, 2005-Ohio-4629, 833 N.E.2d 1216 (2005), paragraphs one and two of the syllabus. The facts and procedure in *Mayl* were very similar to the instant case. The defendant, Mayl, caused the death of another when he hit her with his vehicle. *Id.* at ¶ 4. Mayl, who was also injured, was taken to a hospital, where a blood alcohol

content test was performed as part of the treatment. *Id.* The police obtained the results of the blood test and Mayl was indicted for vehicular homicide under R.C. 2903.06(A)(1). *Id.* at ¶ 5. The indictment specified that Mayl had caused the victim's death "as a proximate result of committing a violation of division (A) of Section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance."[2] *Id.* The trial court denied his motion to suppress the hospital blood test results and Mayl appealed. On appeal, the state argued that the ODH regulations did not need to be followed when blood tests were performed in hospital settings for medical treatment rather than at the request of law enforcement, because tests conducted as part of medical treatment were not covered by R.C. 4511.19(D)(1). *Id.* at ¶ 12, 53. The Ohio Supreme Court rejected that suggestion and held that even "when a blood-alcohol test is not requested by law enforcement but is administered in connection with medical treatment by qualified medical personnel and analyzed in an accredited laboratory, the state must show substantial compliance with R.C. 4511.19(D)(1) and Ohio Adm.Code Chapter 3701-53 before the test results are admissible in a prosecution depending upon proof of an R.C. 4511.19(A) violation." *Id.* at ¶ 55. The Ohio Supreme Court expressly noted that "[n]o portion of R.C. 4511.19(D)(1) distinguishes

---

[2] While division (A) of R.C. 4511.19 has been amended since 2005, the portions of this division relevant to our discussion remain the same.

between the admissibility of test results obtained by hospitals and the admissibility of those obtained by law enforcement." *Id.* at ¶ 56.

{¶14} Nearly two years after the *Mayl* decision was announced, R.C. 4511.19 was amended and a new division (D)(1)(a) was added. It then read:

> In any criminal prosecution or juvenile court proceeding for a violation of division (A)(1)(a) of this section or for an equivalent offense, the result of any test of any blood or urine withdrawn and analyzed at any health care provider, as defined in section 2317.02 of the Revised Code, may be admitted with expert testimony to be considered with any other relevant and competent evidence in determining the guilt or innocence of the defendant.

4511.19(D)(1)(a) (2007).[3]

{¶15} In 2009, the Twelfth District Court of Appeals addressed the effect of this amendment in *State v. Davenport*, 12th Dist. Fayette No. CA2008-04-011, 2009-Ohio-557. The relevant facts in *Davenport* were the same as in *Mayl* and the instant case: the defendant caused the death of another while operating under the influence and was taken to a hospital where his blood was tested for alcohol content by the hospital staff in the course of treatment. *Id.* at ¶ 2. Based on the test results, Davenport was charged with violating R.C. 4511.19(A)(1)(a) and R.C.

---

[3] The statute had substantially similar language in 2013, when the offense at issue in the instant case occurred. The only change is emphasized in the excerpt below:

> In any criminal prosecution or juvenile court proceeding for a violation of division (A)(1)(a) of this section or for an equivalent offense *that is vehicle-related*, the result of any test of any blood or urine withdrawn and analyzed at any health care provider, as defined in section 2317.02 of the Revised Code, may be admitted with expert testimony to be considered with any other relevant and competent evidence in determining the guilt or innocence of the defendant.

R.C. 4511.19(D)(1)(a) (2013).

2903.06(A)(1)(a). *Id.* The trial court overruled Davenport's motion to suppress relying on its reading of R.C. 4511.19(D)(1)(a). *Id.* at ¶ 3. The court of appeals affirmed, reasoning:

> [T]he General Assembly, by passing Am.Sub.H.B. No. 461 which enacted R.C. 4511.19(D)(1)(a), chose to create a distinction between prosecutions for "per se" and "under the influence" violations in regard to the use of blood-alcohol test results. Therefore, we find that the General Assembly's passage of Am.Sub. H.B. No. 461 was made in direct response to *Mayl* and created a distinction between "per se" violations and the general "under the influence" violation not found in the former R.C. 4511.19(D)(1).
>
> * * *
>
> Accordingly, appellant's arguments, pursuant to R.C. 4511.19(D)(1)(b), and in regard to the state's failure to demonstrate substantial compliance with ODH regulations due to the lack of an established chain of custody and the preservation and labeling of his blood sample, are no longer applicable.

*Id.* at ¶ 15-16.

{¶16} The reasoning of *Davenport* was followed by several of our sister districts. *See, e.g.*, *State v. Carr*, 11th Dist. Lake No. 2012-L-001, 2013-Ohio-737, ¶ 65; *State v. Mendoza*, 6th Dist. Wood No. WD-10-008, 2011-Ohio-1971; *see also State v. Oliver*, 9th Dist. Summit No. 25162, 2010-Ohio-6306, ¶ 16 (recognizing the holding in *Davenport*, but distinguishing the case because the State did not present evidence that the blood was analyzed at a "health care provider," as required under R.C. 4511.19(D)(1)(a)). Persinger suggests that these appellate decisions were incorrect and cites the holding of the Ohio Supreme

Court in *State v. Hassler*, 115 Ohio St.3d 322, 2007-Ohio-4947, 875 N.E.2d 46, ¶

19:

> we hold that a blood sample taken outside the time frame set out in
> R.C. 4511.19(D) is admissible to prove that a person is under the
> influence of alcohol as proscribed by R.C. 4511.19(A)(1)(a) in a
> prosecution for a violation of R.C. 2903.06, provided that the
> administrative requirements of R.C. 4511.19(D) are substantially
> complied with and expert testimony is offered.

{¶17} This Ohio Supreme Court decision, announced only several months

after the amendment to R.C. 4511.19(D)(1)(a), seems to reaffirm the principle of

*Mayl* to the extent that substantial compliance with the ODH regulations is

required to ensure the accuracy of the test results. *See id.* at ¶ 15. *Hassler*,

however, did not address an issue of tests performed by the hospital staff as

opposed to law enforcement. The discussion in *Hassler* was focused on the

substantial compliance with the prescribed time frame for withdrawing blood, not

on who drew the blood and performed the test at issue. *Id.* at ¶ 5, 18-19. Indeed,

the facts of *Hassler* indicated that the blood samples were tested by the law

enforcement.[4] *Id.* at ¶ 3.

{¶18} The Ohio Supreme Court in *Hassler* did recognize that "[w]hen the

legislature amends an existing statute, the presumption is that it is aware of our

decisions interpreting it." *Id.* at ¶ 16, citing *Clark v. Scarpelli*, 91 Ohio St.3d 271,

278, 2001-Ohio-39, 744 N.E.2d 719. This statement supports the conclusion that

---

[4] We further note that the facts that gave rise to *Hassler* occurred prior to the amendment of R.C. 4511.19, which added subdivision (D)(1)(a).

R.C. 4511.19(D)(1)(a) was enacted in response to the Ohio Supreme Court's decision in *Mayl*. We thus agree with the holding of *Davenport* that the arguments pursuant to R.C. 4511.19(D)(1)(b) are not applicable to prosecutions under R.C. 4511.19(A)(1)(a), which are based on the results of alcohol blood tests taken and analyzed by a health care provider. *Davenport*, 12th Dist. Fayette No. CA2008-04-011, 2009-Ohio-557, at ¶ 16.

{¶19} Therefore, we hold that the trial court did not err in determining that the facts of this case did not require proof of substantial compliance with ODH regulations.

## 2. *Chain of Custody*

{¶20} The title of Persinger's second point in this assignment of error suggests the State's failure to establish a chain of custody. But the argument in this part of the brief challenges the use of hearsay to establish the chain of custody at the suppression hearing. The Ohio Supreme Court addressed the use of hearsay at a suppression hearing:

> Judicial officials at suppression hearings may rely on hearsay and other evidence to determine whether alcohol test results were obtained in compliance with methods approved by the Director of Health, even though that evidence may not be admissible at trial. (Evid.R. 101(C)(1)).

*State v. Edwards*, 107 Ohio St.3d 169, 2005-Ohio-6180, 837 N.E.2d 752 (2005), paragraph two of the syllabus. Based on this holding, we reject Persinger's

argument that the trial court erred by allowing the use of hearsay to establish the chain of custody at the suppression hearing.

{¶21} To the extent that Persinger attempts to challenge the State's failure to show the chain of custody as required by Ohio Adm.Code 3701-53-05(E),[5] we apply our analysis from part (1.) above. Under the facts of this case, R.C. 4511.19(D)(1)(a) did not require proof of substantial compliance with ODH regulations, including Ohio Adm.Code 3701-53-05(E). *See Davenport*, 12th Dist. Fayette No. CA2008-04-011, 2009-Ohio-557, ¶ 16, 21. Thus, we reject Persinger's allegations of errors with respect to the chain of custody.

*3. The Trial Court's Involvement*

{¶22} Persinger's last complaint in this assignment of error is about the trial court's alleged assistance in establishing foundation for admissibility of the blood test results. He specifically complains about the trial court's questioning of Dr. Martin Kelsten, a physician/pathologist and the Medical Director of the laboratory at Grant Medical Center, who testified about the "persons involved in drawing the blood, testing the blood, handling it at the laboratory," and about the report from his laboratory concerning Persinger's blood sample. (Tr. of Proceedings, 109-114, June 5, 2014.)

---

[5] "Ohio Admin. Code 3701–53–05(E) requires that containers with blood or urine samples be sealed such that tampering can be detected, and that they have a label indicating (1) the 'name of suspect,' (2) the date and time of collection, and (3) the name or initials of the person collecting and/or sealing the sample." *State v. Wells*, 2d Dist. Greene No. 2003 CA 68, 2004-Ohio-1026, ¶ 33.

{¶23} We have previously recognized that "[a] court is permitted to question witnesses to develop issues in the interests of justice so long as such prerogative is not abused." *State v. Bennett*, 3d Dist. Putnam, No. 12-77-10, 1978 WL 215734, *5 (June 14, 1978). R.C. 2945.03, which governs a judge's control of a trial, states that "[t]he judge of the trial court shall control all proceedings during a criminal trial, and shall limit the introduction of evidence and the argument of counsel to relevant and material matters with a view to expeditious and effective ascertainment of the truth regarding the matters in issue." In addition, Evid.R. 611(A) provides that "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." Evid.R. 614 further permits the court to "interrogate witnesses, in an impartial manner, whether called by itself or by a party." Generally, an appellate court reviewing a trial court's interrogation of witnesses must determine whether the trial court abused its discretion. *State v. Davis*, 79 Ohio App.3d 450, 454, 607 N.E.2d 543 (4th Dist.1992).

{¶24} There are no allegations or evidence that the trial court abused its right to "question witnesses to develop issues in the interests of justice." *Bennett* at *5. Our review of the hearing transcript fails to show bias against Persinger or partiality toward the State, and Persinger admits that it is possible that the State

would have laid proper foundation without the trial court's assistance. (*See* App't Br. at 13.) Therefore, we do not find that the trial court abused its discretion by its involvement at the suppression hearing.

{¶25} For all of the foregoing reasons we overrule the first assignment of error.

*Second Assignment of Error—Finding of Guilty Upon No Contest Plea*

{¶26} In the second assignment of error Persinger alleges that the trial court erred in finding him guilty because there was insufficient evidence to support the conviction. Here, Persinger starts with speculating that "[i]f the trial court had sustained appellant's motion to suppress appellant's bloodwork, there would not have been sufficient evidence for the trial court to make findings of guilty." (App't Br. at 14.) As we found above, the trial court did not err in overruling the motion to suppress. Therefore, the trial court did not err in considering the results of the blood test in making its finding of guilt.

{¶27} The second part of this assignment of error concerns elements of vehicular homicide under R.C. 2903.06(A)(1)(a), and elements of vehicular assault under R.C. 2903.08(A)(1)(a). Since the counts alleging violation of R.C. 4511.19 had been dismissed, Persinger alleges that the trial court erred in finding him guilty of violation of R.C. 2903.06(A)(1)(a) and R.C. 2903.08(A)(1)(a), which required proof of violation of "division (A) of section 4511.19 of the

Revised Code or of a substantially equivalent municipal ordinance." R.C. 2903.06; R.C. 2903.08.

**{¶28}** Persinger relies on a case from the Sixth District Court of Appeals, *State v. O'Neill*, 175 Ohio App.3d 402, 2008-Ohio-818, 887 N.E.2d 394 (6th Dist.). In *O'Neil*, the trial court denied the defendant's motion to suppress blood test results. *Id.* at ¶ 9. After a no contest plea, the trial court found O'Neil guilty of operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(f) (operating a vehicle when the person has a concentration of seventeen-hundredths of one per cent or more by weight per unit volume of alcohol in the person's whole blood); as well as aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a); and aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a).[6] *Id.* at ¶ 10, 35. The court of appeals held that the results of the defendant's blood test should have been suppressed by the trial court. *Id.* at ¶ 34. As a result of this holding, O'Neil's conviction for violation of R.C. 4511.19(A)(1)(f), which was based on the blood alcohol content test, had to be vacated. *Id.* at ¶ 35. Consequently, the convictions for aggravated vehicular homicide and aggravated vehicular assault, which were dependent on the violation of R.C. 4511.19(A)(1)(f), also had to be vacated. *Id.* Vacation of the convictions was required in *O'Neil* due to the fact that they were based solely on the evidence that should have been suppressed.

---

[6] *O'Neil* was also found guilty of other charges that are not relevant to our discussion herein.

**{¶29}** Persinger's case is different. First, as we held above, the trial court was not required to suppress the results of the blood test. Therefore, the trial court was allowed to use the evidence of the blood test results to determine that Persinger was guilty of vehicular homicide and vehicular assault as a consequence of violating R.C. 4511.19(A). It is immaterial that the counts alleging violation of R.C. 4511.19(A) had been dismissed. The dismissal did not mean that Persinger was not guilty of violating R.C. 4511.19(A). *See State v. Grillo*, 5th Dist. Richland No. 14CA51, 2015-Ohio-308, 27 N.E.3d 951, ¶ 25 ("[T]he acceptance of a guilty plea on some counts and the nolle of others, is not functionally equivalent to a verdict of not guilty on the dismissed charges."), quoting *State v. Frost*, 8th Dist. Cuyahoga No. 45561, 1983 WL 5507 (June 23, 1983), citing *Hawk v. Berkemer*, 610 F.2d 445, 447 (6th Cir.1979). Second, unlike in *O'Neil*, Persinger's conviction was not dependent solely on the blood alcohol content test because he was charged under different subdivision of the statute, R.C. 4511.19(A)(1)(a) (operating a vehicle while under the influence), and not R.C. 4511.19(A)(1)(f) (operation of a vehicle with a prohibited concentration of alcohol in the person's blood).

**{¶30}** We therefore find that Persinger's contentions have no merit and we overrule the second assignment of error.

### *Conclusion*

**{¶31}** Having reviewed the arguments, the briefs, and the record in this case, we find no error prejudicial to Appellant in the particulars assigned and argued. The judgment of the Common Pleas Court of Marion County, Ohio is therefore affirmed.

*Judgment Affirmed*

**PRESTON, J., concurs.**
**ROGERS, J., concurs in Judgment Only.**
**/hls**