[Cite as *State v. Vasquez*, 2017-Ohio-7255.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-160784 |
| | | C-160785 |
| Plaintiff-Appellant, | : | C-160786 |
| | | C-160787 |
| vs. | : | |
| | | TRIAL NOS. 16TRC-21815A |
| CANDIDO VASQUEZ, | : | 16TRC-21815B |
| | | 16TRC-21815C |
| Defendant-Appellee. | : | 16TRC-21815D |
| | : | *O P I N I O N.* |

Criminal Appeals From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause
 Remanded

Date of Judgment Entry on Appeal:  August 18, 2017

*Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and
*Christopher Lui*, Assistant City Prosecutor, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *Carrie Wood*, Assistant
Public Defender, for Defendant-Appellee.

**CUNNINGHAM, Judge.**

{¶1}    In these consolidated appeals, the state of Ohio challenges the trial court's judgment granting defendant-appellee Candido Vasquez's motion to suppress evidence in four cases, two involving drunk driving, the others involving driving without a license and impeding traffic.  The trial court suppressed the evidence, including evidence related to field-sobriety tests and a breathalyzer test.  The police obtained this evidence after investigating and arresting Vasquez for having physical control of a vehicle while under the influence of alcohol.

{¶2}    We conclude that the trial court properly suppressed the breath-test result in the case involving a per se violation of the drunk-driving statute.  But the trial court erred by suppressing the other evidence in that case, and by suppressing the evidence in the other three cases.  Thus, for the reasons that follow, we affirm the trial court's judgment in part, reverse it in part, and remand the cause for further proceedings.

## I. Background Facts and Procedure

{¶3}    Cincinnati Police Officer Bryan Scott was dispatched to Phillips Avenue in Price Hill shortly after midnight on May 16, 2016, due to the report of car parked in the roadway with a person "passed out" in the driver's seat.  Upon his arrival, Officer Scott found Vasquez alone and asleep in the car, which was parked "at an angle" and had vomit on the driver's side door.  Officer Scott awakened Vasquez by knocking on the window and shining a light on him.  He asked Vasquez a few questions and Vasquez replied with a Spanish accent and slurred speech.  Officer Scott noted a strong odor of alcohol from Vasquez's mouth and observed four to six empty beer cans in the car, including one in the center console.  The officer also observed that Vasquez had bloodshot eyes and learned that he did not have a license.

{¶4}    Officer Scott located the car keys in the car, but he could not recall if he found them in the ignition or in Vasquez's pocket. After asking Vasquez to exit from the car, he administered field-sobriety tests, on which Vasquez performed poorly. Officer Scott then arrested Vasquez for physical control of a vehicle while under the influence of alcohol, in violation of R.C. 4511.194, and transported him to the police station. Another officer at some point administered a breathalyzer test that indicted a concentration of .189 grams of alcohol per two hundred ten liters of Vasquez's breath.

{¶5}    Later, Officer Scott charged Vasquez with two drunk-driving offenses—operating a vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a) ("OVI"), and operating a vehicle with a prohibited concentration of alcohol on his breath, in violation of (A)(1)(h) ("Per Se"). He additionally charged him with operating a vehicle without a license, in violation of R.C. 4510.12, and impeding traffic, in violation of R.C. 4511.22. Officer Scott did not charge Vasquez with violating the physical-control statute that served as the basis for his arrest and does not require proof of operation.

{¶6}    Vasquez moved to suppress the evidence, including the results of the field-sobriety tests and the breath test. At the suppression hearing, only Officer Scott testified.

{¶7}    Of importance to this appeal, Vasquez argued to the trial court that the police needed and lacked probable cause to arrest him for "operating the vehicle," and that the police did not administer the breath test within three hours of the alleged violation, as required by R.C. 4511.19(D). Vasquez presented additional arguments, including those based on the officers' failure to use the services of an interpreter when interacting with him. But the trial court granted Vasquez's motion

based on the state's failure to demonstrate probable cause to arrest for the "operating" offenses and to show compliance with R.C. 4511.19(D). The court made no findings with respect to the other issues raised in Vasquez's motion.

{¶8} Because the court did not specify the evidence it was suppressing, we interpret the court's entry as suppressing all of the challenged evidence. Pursuant to Crim.R. 12(K), the state perfected its appeal to this court, presenting as the single assignment of error the granting of the motion to suppress.

## II. Analysis

### A. Probable Cause to Arrest

{¶9} Although the state presents several arguments challenging the trial court's determination on probable cause, we find two of those arguments dispositive. First, the state argues that the trial court evaluated Vasquez's probable-cause argument under an incorrect standard. Whether the trial court applied an incorrect standard is a legal issue that we review de novo. *See, e.g., State v. Codeluppi*, 139 Ohio St.3d 165, 2014-Ohio-1574, 10 N.E.3d 691, ¶ 7-8. Upon our review, we find merit to the state's argument.

{¶10} In evaluating the constitutionality of Vasquez's warrantless arrest, which was followed by the administration of field-sobriety tests and a breath test, the trial court imposed upon the state the burden of demonstrating probable cause to arrest for an "operational" offense. This was error, even though Officer Scott ultimately charged Vasquez with two operational offenses—OVI and Per Se—and not the physical-control offense for which he arrested Vasquez.

{¶11} Generally, the constitutional validity of Vasquez's arrest depended upon whether it was supported by probable cause that Vasquez was committing any offense for which he could be arrested without a warrant. *See Beck v. Ohio*, 379 U.S.

4

89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *State v. Brown*, 99 Ohio St.3d 323, 2003-Ohio-3931, 792 N.E.2d 175, syllabus. An officer's failure to file charges after an arrest does not affect the validity of the arrest. *See State v. Hatfield*, 1 Ohio App.2d 346, 348, 204 N.E.2d 574 (2d Dist.1965); *State v. Gordon*, 9th Dist. Summit No. 26786, 2013-Ohio-4997, ¶ 10.

{¶12} Probable cause in this case could be established by evidence that the police had sufficient knowledge at the time, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that Vasquez was in physical control of a vehicle while under the influence of alcohol. *See State v. Homan*, 89 Ohio St.3d 421, 427, 732 N.E.2d 952 (2000), citing *Beck* at 91; *State v. Timson*, 38 Ohio St.2d 122, 127, 311 N.E.2d 16 (1974). This standard was not affected by the fact that the police would have to prove operation to obtain a conviction for the OVI or Per Se violations. Thus, the trial court erred by applying an incorrect standard.

{¶13} Next the state contends that when the correct standard is applied, it met its burden of establishing probable cause to arrest. In support, the state cites Officer Scott's unimpeached testimony and Vasquez's concession on this issue before the trial court.

{¶14} With respect to Vasquez's concession, the transcript from the suppression hearing discloses that at the conclusion of the evidence, defense counsel said, "Judge, I think you've heard a very compelling story establishing probable cause to arrest my client for physical control. And I think you should follow that inclination." Defense counsel then argued that notwithstanding the existence of probable cause to arrest for the physical-control offense, the state failed to establish probable cause to arrest Vasquez for "operation" of a vehicle while impaired.

5

{¶15}   Based on the record, we conclude that Vasquez conceded this issue. Because it was undisputed that Officer Scott had probable cause to arrest Vasquez for physical control of a vehicle while impaired, we hold that the trial court erred when it granted Vasquez's motion to suppress based on the lack of probable cause.

### B. Three-Hour Testing Window

{¶16}   The trial court also suppressed the breath-test results pursuant to R.C. 4511.19(D), because the state failed to demonstrate that Vasquez's breath sample had been collected within three hours of the alleged violations.  The specific provision at issue, R.C. 4511.19(D)(1)(b), authorizes the trial court in a criminal case involving a violation of sections (A) or (B) of the drunk-driving statute, or an equivalent offense involving a vehicle, to admit evidence of alcohol-testing results for bodily substances, including breath, if the substance was collected within three hours of the alleged violation.

{¶17}   The state argues that the breath-test result was not subject to the exclusionary rule, despite the state's failure at the suppression hearing to demonstrate compliance with the three-hour rule of R.C. 4511.19(D).

{¶18}   Generally, the exclusionary rule is reserved for constitutional violations.  *See State v. French*, 72 Ohio St.3d 446, 449-450, 650 N.E.2d 887 (1995); *State v. Halko*, 1st Dist. Hamilton No. C-850656 (July 16, 1986).  But, in the context of R.C. 4511.19, the rule has been applied to chemical test results "illegally obtained"—those obtained without compliance with Department of Health testing regulations or in violation of statutory mandates requiring suppression.  *French* at 451; *City of Newark v. Lucas*, 40 Ohio St.3d 100, 103, 532 N.E.2d 130 (1988), cited with approval in *State v. Hassler*, 115 Ohio St.3d 322, 2007-Ohio-4947, 875 N.E.2d 46, ¶ 16-17.

6

{¶19}   The Ohio Supreme Court found implicit in the language now found in R.C. 4511.19(D) a mandate requiring the exclusion of chemical test results in per se drunk-driving cases—those that impose liability for operation with a prohibited amount of alcohol concentration in a driver's bodily substance—when the results are based on bodily substances withdrawn beyond the time indicated in the statute. *Newark* at 103.

{¶20}   The *Newark* court explained that in cases involving per se violations, the accuracy of the chemical test is a critical issue, and the test results satisfy an element of the offense.   *Newark* at 103.   Thus, the state's failure to demonstrate compliance with the then two-hour rule, now three-hour rule, at the suppression hearing will result in the suppression of the breath-test results in per se drunk driving cases.   *Id.* at 104; *State v. Halpin*, 2d Dist. Clark No. 07CA78, 2008-Ohio-4136, ¶ 28.

{¶21}   But in OVI drunk-driving cases, the accuracy of the chemical test is not the critical issue; in those cases, a probative chemical-test result is considered along with all the other evidence of impaired driving, as long as the state can lay the proper foundation with expert testimony. *Newark* at 104; *Halpin* at ¶ 28-29. *See Hassler*, 115 Ohio St.3d 322, 2007-Ohio-4947, 875 N.E.2d 46, at syllabus ("A blood sample taken outside the time frame set out in R.C. 4511.19(D) is admissible to prove that a person is under the influence of alcohol as proscribed by R.C. 4511.10(A)(1)(a) in the prosecution for a violation of [vehicular homicide that alleges driving while under the influence of alcohol], provided that the administrative requirements of R.C. 4511.19(D) are substantially complied with and expert testimony is offered.") Thus, the Supreme Court has not read R.C. 4511.19(D) in an "exclusionary manner" with respect to OVI cases. *Newark* at 104.

{¶22} Here, Vasquez's case numbered 16TRC-21815B involves a per se violation of the drunk-driving statute—operating a vehicle with a prohibited concentration of alcohol on his breath. The accuracy of the test result was critical for the prosecution, and the trial court properly suppressed the test result as to that case.

{¶23} But the state is correct that the trial court erred by suppressing Vasquez's breath-test result in the OVI case, which involves Vasquez's alleged violation of the drunk-driving statute relating to the operation of a motor vehicle while under the influence of alcohol. Likewise, the court's suppression of the breath-test results in the nondrunk-driving cases was improper.

### III. Conclusion

{¶24} The state's sole assignment of error is sustained in part and overruled in part. We therefore affirm the trial court's judgment to the extent that it suppressed the results of the breathalyzer test in the case numbered 16TRC-21815B, involving a per se violation of the drunk-driving statute. The remainder of the judgment is reversed. The cases are remanded for proceedings consistent with the law and this opinion.

Judgment accordingly.

**MOCK, P.J.,** and **DETERS, J.,** concur.

Please note:

The court has recorded its own entry this date.