[Cite as *State v. Bugg*, 2018-Ohio-2544.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 17CA0087-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ALLEN R. BUGG | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 17CR0058 |

DECISION AND JOURNAL ENTRY

Dated: June 29, 2018

HENSAL, Judge.

{¶1} Allen Bugg appeals from the judgment of the Medina County Court of Common Pleas, denying his supplemental motion to suppress. This Court affirms.

I.

{¶2} This appeal involves a motor vehicle accident wherein Mr. Bugg's vehicle struck another vehicle, which caused fatal injuries to the driver. Following the accident, Mr. Bugg received medical treatment for his injuries at Lodi Community Hospital. While there, Trooper Curtis Gelles of the Ohio State Highway Patrol – who had responded to the scene of the accident – requested Mr. Bugg to submit to a chemical test of his blood, which Mr. Bugg refused. Shortly thereafter, a registered nurse collected blood samples (divided into two tubes) from Mr. Bugg for the purpose of determining whether he had alcohol in his system, which could affect the medical treatment he received.

{¶3}   Trooper Gelles later obtained a search warrant for the blood samples, which he retrieved and sent to the Ohio State Highway Patrol crime lab for testing.  The results of that testing indicated that Mr. Bugg's blood alcohol content from the night of the accident was 0.137. Thereafter, a grand jury indicted Mr. Bugg on two counts of aggravated vehicular homicide, and two counts of aggravated vehicular assault.  Mr. Bugg moved to suppress the results of the blood tests, arguing that: (1) the search warrant was not supported by probable cause; (2) the blood samples were not drawn within the time limits prescribed by Revised Code Section 4511.19(D); and (3) the blood samples were not collected in accordance with Ohio Adm.Code 3701-53-05. Following a hearing, the trial court rejected Mr. Bugg's first two arguments but granted his motion to suppress on the basis that the blood samples were not collected in accordance with Ohio Adm.Code 3701-53-05.  Specifically, the trial court determined that the State failed to demonstrate substantial compliance with Ohio Adm.Code 3701-53-05(C) because it did not present definitive testimony regarding the presence of a solid anticoagulant in the tubes used to store Mr. Bugg's blood.

{¶4}   Following the trial court's ruling on Mr. Bugg's motion to suppress, the State supplemented its discovery to include a toxicologist as an additional witness.  Mr. Bugg filed a motion in limine to exclude any testimony from this witness, or any other toxicologist, on the basis that the trial court had already suppressed the results of the chemical tests.  In response, the State argued that the trial court only suppressed the results from the Ohio State Highway Patrol's crime lab because the State failed to demonstrate substantial compliance with Ohio Adm.Code 3701-53-05.  The State argued that this ruling did not preclude it from presenting expert testimony regarding the results of the blood tests performed at Lodi Community Hospital under Section 4511.19(D)(1)(a).  The trial court agreed with the State's interpretation of its prior order,

but noted that the record was not clear as to whether anyone at Lodi Community Hospital performed chemical testing on Mr. Bugg's blood. It held that, to the extent that such testing was performed, the State could present expert testimony as to the results. Thereafter, the trial court granted Mr. Bugg leave to file a supplemental motion to suppress relative to the results of the chemical tests performed at Lodi Community Hospital.

{¶5} In his supplemental motion, Mr. Bugg asserted that the blood samples taken at Lodi Community Hospital "w[ere] not collected, tested and/or stored in a reliable manner nor [were they] collected, tested and/or stored in accordance with OAC 3701-53-05[.]" The State did not respond to Mr. Bugg's supplemental motion, and the matter proceeded to a hearing.

{¶6} At the hearing, the State presented testimony from the medical technologist at Lodi Community Hospital who analyzed Mr. Bugg's blood samples on the night of the accident using a colorimetric test. She testified that the colorimetric test tests for the presence of nicotinamide adenine dinucleotide ("NADH") in a person's blood, and explained that NADH is produced by alcohol. She testified that she tested Mr. Bugg's blood at the treating physician's request, and that the results indicated that he had a blood alcohol content of .145.

{¶7} On cross-examination, Mr. Bugg's counsel elicited testimony indicating that lactic acid can also produce NADH. The medical technologist testified that the presence of lactic acid, however, would not interfere with the colorimetric test. When later questioned as to whether the test could differentiate between NADH produced by alcohol or NADH produced by lactic acid, the medical technologist indicated that she was unsure.

{¶8} Mr. Bugg presented no witnesses, and the trial court took the matter under advisement. It later issued a decision denying Mr. Bugg's supplemental motion to suppress, holding that, since Mr. Bugg's blood was drawn and analyzed at Lodi Community Hospital, the

State could present expert testimony regarding the results of those tests at trial under Section 4511.19(D)(1)(a). Following the trial court's decision, Mr. Bugg changed his plea to no contest, and the trial court found him guilty of the charged offenses. He now appeals, raising one assignment of error for this Court's review.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING APPELLANT'S SUPPLEMENTAL MOTION TO SUPPRESS THE COLORIMETRIC CHEMICAL TEST OF APPELLANT'S BLOOD PERFORMED BY LODI HOSPITAL.

{¶9}     In his assignment of error, Mr. Bugg argues that the trial court erred by denying his supplemental motion to suppress. We disagree.

{¶10}     "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.* "Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.* "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

{¶11}     The Ohio Supreme Court previously held that "when results of blood-alcohol tests are challenged in an aggravated-vehicular-homicide prosecution that depends upon proof of an R.C. 4511.19(A) violation [i.e., an OVI], the state must show substantial compliance with R.C. 4511.19(D)(1) and Ohio Adm.Code Chapter 3701-53 before the test results are admissible."

*State v. Mayl*, 106 Ohio St.3d 207, 2005-Ohio-4629, ¶ 48. Two years later, however, the General Assembly amended Section 4511.19(D)(1) to include subsection (a), which provides:

> In any criminal prosecution * * * for a violation of division (A)(1)(a) of this section or for an equivalent offense that is vehicle-related, the result of any test of any blood or urine withdrawn and analyzed at any health care provider, as defined in section 2317.02 of the Revised Code, may be admitted with expert testimony to be considered with any other relevant and competent evidence in determining the guilt or innocence of the defendant.

**{¶12}** Since this amendment, this Court – among others – has acknowledged that substantial compliance with Ohio Adm.Code Chapter 3701-53 is no longer required for admissibility purposes if the defendant's blood is drawn and analyzed by a health care provider, and is accompanied by expert testimony. *State v. Oliver*, 9th Dist. Summit No. 25162, 2010-Ohio-6306, ¶ 10-16; *State v. Davenport*, 12th Dist. Fayette No. CA2008-04-011, 2009-Ohio-557, ¶ 12-16; *State v. Mendoza*, 6th Dist. Wood No. WD-10-008, 2011-Ohio-1971, ¶ 14-20; *State v. Carr*, 11th Dist. Lake No. 2012-L-001, 2013-Ohio-737, ¶ 65; *State v. Persinger*, 3d Dist. Marion No. 9-15-10, 2016-Ohio-858, ¶ 12-19. Mr. Bugg concedes this point on appeal. He argues, however, that Section 4511.19(D)(1)(a) does not permit the admission of the results of a scientific test that is otherwise prohibited under Evidence Rule 702 as being inaccurate or unreliable, or under Evidence Rule 403(A) as having its probative value outweighed by the danger of unfair prejudice.[1] More specifically, he argues that the colorimetric test is scientifically unreliable, and that there was no way of knowing whether the presence of NADH in his blood was produced from alcohol or lactic acid, which his body could have produced as a

---

[1] The State urges this Court to apply a plain-error standard of review, arguing that Mr. Bugg did not challenge the scientific reliability of the colorimetric test below. A review of Mr. Bugg's supplemental motion to suppress, however, indicates that Mr. Bugg raised this issue, and then elicited testimony from the State's witness on cross-examination that attempted to challenge the reliability of the test. We, therefore, reject the State's position that plain-error applies under these circumstances.

result of sustaining trauma in the accident. He further argues that this unreliability resulted in the test's probative value being outweighed by the danger of unfair prejudice.

{¶13} While Mr. Bugg challenges the colorimetric test as being scientifically unreliable, he presented no expert testimony below, nor has he cited any authority on appeal, to support his position. Instead, he simply cross-examined the State's witness, eliciting testimony that lactic acid could also produce NADH. He presented no evidence, however, as to the presence of lactic acid in his blood on the night of the accident. Rather, he assumed that – because he sustained a trauma as a result of the accident – his body must have produced lactic acid, which interfered with the colorimetric test. To the extent that Mr. Bugg argues that the potential presence of lactic acid in his blood could have affected the accuracy of the test, his argument sounds in weight, not admissibility. *State v. Walters*, 9th Dist. Medina No. 11CA0039-M, 2012-Ohio-2429, ¶ 7 (affirming the trial court's denial of the defendant's motion to suppress the results of the field-sobriety tests, and holding that the defendant's argument that various injuries may have affected the reliability and accuracy of those tests "attacks the weight, not the admissibility of the evidence."). Further, because Mr. Bugg's argument as it relates to Evidence Rule 403(A) is premised upon the unreliability of the colorimetric test, we reject his argument.

{¶14} In light of the arguments presented, we cannot say that the trial court erred by denying Mr. Bugg's supplemental motion to suppress. We, therefore, overrule Mr. Bugg's assignment of error.

III.

{¶15} Allen Bugg's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

RONALD A. SKINGLE, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.